UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHARAE MASSEY,<br><br>                    Plaintiff,<br><br>        v.<br><br>STAR NURSING, INC.,<br><br>                    Defendant. | Case No.  5:21-cv-01482-EJD<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND SETTING DEADLINES FOR NOTICE, OBJECTION, EXCLUSION, AND FINAL FAIRNESS HEARING**<br><br>Re: Dkt. Nos. 35, 38 |

On October 20, 2022, the Court held a hearing on the motion of Plaintiff Massey ("Plaintiff") individually and on behalf of the proposed class and collective for conditional certification of a settlement class in this action; preliminary approval of the parties' proposed settlement; approval of the Class Notice Packet; appointing Class Representatives, Class Counsel and the proposed Settlement Administrator; and setting a date for the hearing on final approval of the settlement.  *See* Dkt. Nos. 35, 38.  The motion is unopposed by Defendant Star Nursing, LLC ("Star Nursing").

Having considered the motion briefing, the arguments of counsel, the relevant law, the terms of the settlement agreement and the class notice, as well as the record in this case, and based on the reasons and terms set forth herein, the Court **GRANTS** the parties' motion for preliminary approval of class action settlement.

## I.    BACKGROUND

Plaintiff filed the putative class action complaint on March 2, 2021 against Star Nursing, a staffing company that employs hourly healthcare workers ("Travelers") on short-term travel

United States District Court<br>Northern District of California

1    assignments at healthcare facilities throughout California.  Plaintiff alleges that Travelers were

2    underpaid overtime because Star Nursing excluded the value of hourly stipends from the regular

3    rate when calculating overtime rates of pay.

4         Plaintiff's Second Amended Complaint ("SAC") asserts claims for (1) unpaid overtime

5    wages under California Labor Code §§ 510 and 1194; (2) unfair business practices under California

6    Business & Professions Code § 17200 *et seq.*; (3) waiting time penalties under California Labor

7    Code § 203; (4) civil penalties under the California Labor Code Private Attorney General Act

8    ("PAGA"), Labor Code § 2698, *et seq.*; and (4) violation of the federal Fair Labor Standards Act

9    ("FLSA"), 29 U.S.C. § 201, *et. seq.  See* SAC, Dkt. No. 24.

10        The parties reached a settlement prior to class certification with the assistance of the

11   Honorable Suzanne Segal.

12        **B.      Terms of the Settlement Agreement**

13        Under the terms of the Settlement Agreement, Star Nursing will pay $700,000.00 into a

14   common settlement fund, without admitting liability.  This amount includes attorneys' fees and

15   litigation costs, the cost of class notice and settlement administration, payment of civil penalties

16   pursuant to PAGA, and the class representative's service award.  It excludes Star Nursing's share of

17   payroll taxes on the portion of the settlement payments deemed wages, which Star Nursing will pay

18   separately.

19        ***1.      Attorneys' Fees and Costs***

20        Under the Settlement Agreement, Plaintiff's counsel agreed that attorneys' fees shall not

21   exceed twenty-five percent (25%) of the gross settlement amount, or $175,000.00, and no more

22   than $15,000.00 in litigation costs.  The common settlement fund also includes a provision for

23   $20,000.00 in settlement administration costs; and up to $5,000.00 to be paid to the class

24   representative Plaintiff Massey as an incentive award in exchange for a general release of all claims

25   against Star Nursing.

26

27

28

### 2.     Class Relief

After deductions from the common fund for fees, costs, the PAGA payment, and service incentive awards, approximately $447,500.00 will remain to be distributed among the participating class members.  Dkt. No. 35-6.  Class members will be paid pro rata.  To calculate each class members' settlement share, the Settlement Agreement provides that:

> The Net Settlement Amount will first be divided by the total number of weeks worked, in aggregate, by the Participating Class Members to determine the monetary value of each workweek. Each Participating Class Member's Settlement Share will then be calculated by multiplying that individual's number of weeks worked within the Settlement Class Period by the monetary value of each workweek.

Dkt. No. 35-4 at 7.  Counsel estimates that dividing the remaining amount across the four hundred and twenty-five (425) class members (assuming that each class member returns a written consent via a FLSA Opt-In Form to join the FLSA portion of the settlement) yields an average recovery of approximately $1,075.00 per class member.  The Settlement Agreement provides that no amount will revert to Star Nursing.

### 3.     Settlement Administration Fees and Costs

The fees and costs associated with retaining a third-party administrator to administer the terms of the settlement will be deducted from the gross settlement.  The Settlement Agreement states that settlement administration expenses shall not exceed $20,000.00.

### 4.     PAGA Payment to the LWDA

The Settlement Agreement provides that $50,000.00 from the gross settlement amount is allocated to the resolution of claims asserted under the California Labor Code Private Attorneys General Act of 2004, California Labor Code §§ 2698, *et seq.* ("PAGA").  Of this $50,000.00 civil penalty payment, seventy-five percent (75%), or $37,500.00, is payable to the Labor & Workforce Development Agency ("LWDA") and the remaining twenty-five percent (25%), or $12,500.00, will be distributed to participating class members as part of the net settlement amount.

### 5.     Unclaimed Settlement Share Checks

The Settlement Agreement also provides that when checks mailed to participating class members are not redeemed or deposited within one hundred and eighty (180) days from the date of

1    issuance, the Settlement Administrator will deposit the amount of any unclaimed checks with the

2    Court's Unclaimed Funds Registry in the class member's name.

3    **II.    PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

4         **A.    Legal Standard**

5         A court may approve a proposed class action settlement of a certified class only "after a

6    hearing and on finding that it is fair, reasonable, and adequate," and that it meets the requirements

7    for class certification.  Fed. R. Civ. P. 23(e)(2).  In reviewing the proposed settlement, a court need

8    not address whether the settlement is ideal or the best outcome, but only whether the settlement is

9    fair, free of collusion, and consistent with plaintiff's fiduciary obligations to the class.  *See Hanlon v.*

10   *Chrysler Corp.*, 150 F.3d at 1027.  The *Hanlon* court identified the following factors relevant to

11   assessing a settlement proposal: (1) the strength of the plaintiff's case; (2) the risk, expense,

12   complexity, and likely duration of further litigation; (3) the risk of maintaining class action status

13   throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and

14   the stage of the proceeding; (6) the experience and views of counsel; (7) the presence of a

15   government participant; and (8) the reaction of class members to the proposed settlement.  *Id.* at

16   1026 (citation omitted); *see also Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir.

17   2004).

18        Settlements that occur before formal class certification also "require a higher standard of

19   fairness."  *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000).  In reviewing such

20   settlements, in addition to considering the above factors, a court also must ensure that "the

21   settlement is not the product of collusion among the negotiating parties."  *In re Bluetooth Headset*

22   *Prods. Liab. Litig.*, 654 F.3d 935, 946-47 (9th Cir. 2011).

23        **B.    Class Definition and Basis for Conditional Certification**

24        The Settlement Agreement defines the class as:

25        All non-exempt hourly employees employed by Star Nursing in
          California who, at any time from March 2, 2017 through the date the
26        Court enters an Order granting preliminary approval of the Settlement,
          worked one or more workweeks in which they were paid overtime and
27        received a stipend.

     Case No.: 5:21-cv-01482-EJD
28   ORDER GRANTING PRELIM. APPROVAL OF CLASS ACTION SETTLEMENT & SETTING
     DEADLINES FOR NOTICE, OBJ., EXCLUSION, AND FINAL FAIRNESS HEARING
                                        4

United States District Court
Northern District of California

1    ("the Settlement Class").  Dkt. No. 35-4 at 1.  The proposed class is substantively the same as

2    alleged in the Second Amended Complaint.  *See* Dkt. No. 24.

3          The Court finds that, for purposes of settlement, Plaintiff has satisfied the requirements of

4    Rule 23(a) as well as the requirements for certification under one or more subsections of Rule

5    23(b).  With respect to numerosity under Rule 23(a)(1), Class Counsel indicates that joinder of all

6    members is particularly impracticable under these circumstances because the Settlement Class is

7    composed of approximately four hundred and twenty-five (425) travel nurses who are working in

8    various states across the country at any given time.

9          The Settlement Class also satisfies the commonality requirement.  Rule 23(a)(2)

10   commonality requires "questions of fact or law common to the class," though all questions of fact

11   and law need not be in common.  *Hanlon*, 150 F.3d at 1026.  The theory of liability in this action—

12   whether the hourly "stipend" payments were unlawfully excluded from the "regular rate" when

13   calculating overtime stipend payments—is common to all class members.

14         Rule 23(a)(3) requires that the plaintiff show that "the claims or defenses of the

15   representative parties are typical of the claims or defenses of the class."  Plaintiff and members of

16   the Settlement Class are all hourly traveling healthcare workers who were employed by Star

17   Nursing on short-term travel assignments at healthcare facilities throughout California.  Plaintiff's

18   overtime, unlawful business practices, waiting time, and PAGA claims hinge on the common issue

19   of whether Star Nursing's policy of excluding "stipends" from the calculation of overtime rates

20   violates California law, making Plaintiff Massey's claims typical of class members.

21         With respect to Rule 23(a)(4), the Court finds the representative parties and class counsel

22   have fairly and adequately represented the interests of the Class.  No conflicts of interest appear as

23   between Plaintiff and the members of the Settlement Class.  Class Counsel have demonstrated that

24   they are experienced in wage and hour class actions and have been appointed as lead counsel in

25   numerous other wage and hour cases both in federal and state courts throughout California.  *See*

26   Hayes Decl., Dkt. No. 35-3 ¶ 5.  Accordingly, Class Counsel is adequate to represent the Settlement

27   Case No.: 5:21-cv-01482-EJD

28   ORDER GRANTING PRELIM. APPROVAL OF CLASS ACTION SETTLEMENT & SETTING
DEADLINES FOR NOTICE, OBJ., EXCLUSION, AND FINAL FAIRNESS HEARING

*United States District Court*
*Northern District of California*

1    Class as well.

2          The Settlement Class further satisfies Rule 23(b)(3) in that common issues predominate

3    where claims of the class "will prevail or fail in unison," and "a class action is superior to other

4    available methods for fairly and efficiently adjudicating" the claims here.  Because all the claims

5    arise from the common question of the legality of Star Nursing's policy of excluding "stipend"

6    payments that are based on hours worked from the "regular" rate, each class member's claim either

7    survives or fails in unison.  Accordingly, "[t]his case presents the classic case for treatment as a class

8    action: that is, the commonality linking the class members is the dispositive question in the lawsuit."

9    *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1029–30 (9th Cir. 2012).

10         Based on the foregoing, the proposed class is conditionally certified pursuant to Rule 23(c).

11   **C.     Settlement Agreement Appears Fair and Reasonable**

12         The Settlement Agreement (*see* Dkt. No. 35-4) meets the requirements for FLSA

13   certification and is granted preliminary approval pursuant to Rule 23(e)(2).  Based upon the

14   information before the Court, the Settlement Agreement falls within the range of possible approval

15   as fair, adequate and reasonable, and there is a sufficient basis for notifying the Class and for

16   setting a Fairness and Final Approval Hearing.

17         As to the *Hanlon* factors, the Court finds that they indicate the settlement here is fair and

18   reasonable.  Proceeding to trial would have been costly; recovery was not guaranteed; and there

19   was the possibility of protracted appeals.  If Plaintiff prevailed, the damage analysis conducted by

20   Plaintiff projected a maximum recovery after trial was $1,645,260.00, including $841,500.00 in

21   unpaid overtime, up to $725,760.00 in waiting time penalties, and up to $78,000.00 in PAGA

22   penalties.  However, Star Nursing disclosed that they do not have the financial resources to

23   withstand judgment for the amount of the maximum projected damages.  Memo. of Points &

24   Authorities in Supp. of Mot. for Prelim. Approval of Class Action Settlement ("Memo."), Dkt. No.

25   35-1 at 4.  Plaintiff hired a forensic accounting expert to review Star Nursing's financials to

26   confirm this representation.  Hayes Decl. ¶¶ 15-16.  With the assistance of the expert, Plaintiff

27   Case No.: 5:21-cv-01482-EJD
28   ORDER GRANTING PRELIM. APPROVAL OF CLASS ACTION SETTLEMENT & SETTING
     DEADLINES FOR NOTICE, OBJ., EXCLUSION, AND FINAL FAIRNESS HEARING

United States District Court
Northern District of California

United States District Court
Northern District of California

1    determined the ability of Star Nursing to satisfy a judgment.  Plaintiff's counsel concluded that

2    settlement was justified given the risks on the merits and given that proceeding with litigation

3    through trial presented a serious risk of an unsatisfied judgment.  Accordingly, the parties reached

4    an agreement on a settlement amount of $700,000 which represents roughly eighty-three percent

5    (83%) of the maximum potential recovery for unpaid overtime and approximately forty-two

6    percent (42%) of the maximum potential recovery when waiting time and PAGA penalties are

7    included.

8        The settlement occurred only after discovery and investigation, including written discovery,

9    interrogatories, and requests for admissions.  Plaintiff obtained production of all of Star Nursing's

10   policies and procedures regarding paying "stipends" and calculating overtime and class wide

11   payroll records necessary to calculate the alleged unpaid overtime.  The parties began mediation on

12   November 1, 2021 and executed a settlement agreement approximately three months later with the

13   assistance of the Honorable Suzanne Segal, a retired federal magistrate judge.  Furthermore,

14   Counsel for both parties are highly experienced.  The record does not indicate any collusion or self-

15   dealing.  *See In re Bluetooth*, 654 F.3d at 946-47.

16       Moreover, the Settlement Agreement appears to have been the product of arm's length and

17   informed negotiations.  The relief provided for the Class appears to be adequate, taking into account:

18           (i) the costs, risks, and delay of trial and appeal;

19           (ii) the effectiveness of any proposed method of distributing relief to the class, including the

20   method of processing class-member claims;

21           (iii) the terms of any proposed award of attorney's fees, including timing of payment; and

22           (iv) any agreements required to be identified under Rule 23(e)(3).

23       The Court also finds that the Settlement Agreement appears to treat class members

24   equitably relative to each other.

25       Finally, the requirement for certification of a Fair Labor Standards Act ("FLSA") collective

26   is also met because all the class members are "alike with regard to some material aspect of their

27

28

1   litigation." *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1114 (9th Cir. 2018). "[W]orkers

2   may join a collective action if they claim a violation of the FLSA, are 'similarly situated' to the

3   original plaintiff, and affirmatively opt in." *Id.* at 1108. Here, as discussed above all members of

4   the Settlement Class share an identical issue of law and fact that is dispositive of their FLSA claim.

5        Based on the foregoing, the Court conditionally certifies the class and provisionally

6   appoints Hayes Pawlenko LLP as Class Counsel and Plaintiff Massey as class representative.

7   **III.   PLAN OF NOTICE, ALLOCATION, AND ADMINISTRATION**

8        **A.   Notice Plan**

9        A court must "direct notice [of a proposed class settlement] in a reasonable manner to all

10   class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). "The class must be

11   notified of a proposed settlement in a manner that does not systematically leave any group without

12   notice." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 624 (9th Cir. 1982). Adequate

13   notice requires: (i) the best notice practicable; (ii) reasonably calculated, under the circumstances, to

14   apprise the Class members of the proposed settlement and of their right to object or to exclude

15   themselves as provided in the settlement agreement; (iii) reasonable and constitute due, adequate,

16   and sufficient notice to all persons entitled to receive notice; and (iv) meet all applicable

17   requirements of due process and any other applicable requirements under federal law. *Phillips*

18   *Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985). Due process requires "notice reasonably

19   calculated, under all the circumstances, to apprise interested parties of the pendency of the action

20   and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr.*

21   *Co.*, 339 U.S. 306, 314 (1950).

22        The parties' proposed notice plan appears to be constitutionally sound in that Plaintiff has

23   made a sufficient showing that it is: (i) the best notice practicable; (ii) reasonably calculated, under

24   the circumstances, to apprise the Class members of the proposed settlement and of their right to

25   object or to exclude themselves as provided in the settlement agreement; (iii) reasonable and

26

27   Case No.: 5:21-cv-01482-EJD

28   ORDER GRANTING PRELIM. APPROVAL OF CLASS ACTION SETTLEMENT & SETTING
      DEADLINES FOR NOTICE, OBJ., EXCLUSION, AND FINAL FAIRNESS HEARING

United States District Court
Northern District of California

United States District Court
Northern District of California

1    constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet

2    all applicable requirements of due process and any other applicable requirements under federal law.

3          The Court approves form of the long-form Notice of Proposed Class Action Settlement,

4    subject to the minor, non-substantive changes to the Notice discussed during the hearing.  All

5    members of the Settlement Class will be sent, via First Class Mail, a written notice of settlement.

6    The Court finds that this notice is sufficient to inform Class members of the terms of the Settlement

7    Agreement, their rights under the Settlement Agreement, their rights to object to or comment on the

8    Settlement Agreement, their right to receive a payment or opt out of the Settlement Agreement, the

9    process for doing so, and the date and location of the Fairness and Final Approval hearing.  The

10   forms of plan of notice are therefore **APPROVED**.

11         **B.**     **Plan of Allocation**

12         The Court preliminarily approves the proposed plan of allocation set forth in the Motion

13   and the class notices.

14         The Settlement Agreement provides that participating class members will be eligible to

15   recover their respective settlement share in two checks.  As compensation for the state law class

16   claims, one check consisting of ninety-five percent (95%) of an individual's share will automatically

17   be sent to all participating class members without the need for returning a claim.  To receive the

18   remaining five percent (5%) share for the FLSA claim, participating class members must timely

19   return an FLSA Opt-In-Form which is included in the Notice Packet.  If there are members of the

20   settlement who do not opt-in to the FLSA claim, their share of the funds will be re-allocated, pro rata

21   based on weeks worked within the class period to those who opted in.

22         **C.**     **Settlement Administrator**

23         CPT Group is appointed to act as the Settlement Administrator, pursuant to the terms set

24   forth in the Settlement Agreement.  The parties selected CPT Group because it submitted the

25   lowest bid.  CPT Group has agreed to administer the Settlement for a flat fee of $10,500.00.

26

27

28

The Settlement Administrator shall distribute the Class Notice according to the notice plan described in the Settlement Agreement and substantially in the form approved herein, no later than thirty (30) days after the Court enters preliminary approval of settlement ("Notice Date"). Proof of distribution of the Class Notice shall be filed by the parties in conjunction with the motion for final approval.

The Settlement Agreement provides that Star Nursing is directed to provide to the Settlement Administrator the Class members' contact data as specified by the Settlement Agreement no later than fourteen (14) calendar days after the Court enters preliminary approval of the settlement.

### D.    Exclusion/Opt-Out

Any class member shall have the right to be excluded from the class by mailing a request for exclusion using the Exclusion Form in the Notice Packet to the Settlement Administrator postmarked no later than sixty (60) days from the "Class Mailing Date." Requests for exclusion must: (i) include the name and address of the person who wishes to be excluded; (ii) include the last four digits of the individual's social security number; and (iii) be signed by the class member seeking exclusion. No later than **Thursday, February 16, 2023**, Class Counsel shall file with the Court a list of all persons who have timely requested exclusion from the Class as provided in the Settlement Agreement.

Any class member who does not timely request exclusion from the settlement class as provided above shall be bound by the terms and provisions of the Settlement Agreement upon its final approval, including but not limited to the releases, waivers, and covenants described in the Settlement Agreement, whether or not such person objected to the Settlement Agreement, and whether or not such person makes a claim upon the settlement funds.

### E.    Objections

Any class member who has not submitted a timely request for exclusion from the Settlement Agreement shall have the right to object to (1) the Settlement Agreement, (2) the plan of

Case No.: 5:21-cv-01482-EJD
ORDER GRANTING PRELIM. APPROVAL OF CLASS ACTION SETTLEMENT & SETTING
DEADLINES FOR NOTICE, OBJ., EXCLUSION, AND FINAL FAIRNESS HEARING

United States District Court
Northern District of California

allocation; and/or Class Counsel's motion for attorneys' fees and Class Representative award by mailing to the Settlement Administrator a written objection and stating whether they intend to appear at the Fairness Hearing, as set forth in the Class Notice, no later than sixty (60) days after the class mailing date.  Failure to submit a timely written objection will preclude consideration of the class member's later objection at the time of the Fairness Hearing.

### F.    Attorneys' Fees and Class Representative Awards

Plaintiff Massey and their counsel shall file their motion for attorneys' fees and for Class Representative award no later than **Monday, December 19, 2022**.  Each settlement class member shall have the right to object to the motion for attorneys' fees and Class Representative award by filing a written objection with the Court no later than sixty (60) days after the class mailing date, as stated in paragraph 8 above.

Plaintiff shall file a reply brief responding to any timely objection no later than **Monday, February 6, 2023**.

### G.    Fairness and Final Approval Hearing

All briefs, memoranda and papers in support of final approval of the settlement shall be filed no later than **Monday, December 19, 2022**.

The Court will conduct a Fairness and Final Approval Hearing on **Thursday, February 23, at 9:00 a.m.**, to determine whether the Settlement Agreement should be granted final approval as fair, reasonable, and adequate as to the Class.  The Court will hear all evidence and argument necessary to evaluate the Settlement Agreement and will consider Class Counsel's motion for attorneys' fees and for Class Representative award.

Class members may appear, by counsel or on their own behalf, to be heard in support of or opposition to the Settlement Agreement and Class Counsel's Motion for attorneys' fees and Class Representative award by filing a Notice of Intention to Appear no later than **Thursday, February 9, 2023**.

Case No.: 5:21-cv-01482-EJD
ORDER GRANTING PRELIM. APPROVAL OF CLASS ACTION SETTLEMENT & SETTING
DEADLINES FOR NOTICE, OBJ., EXCLUSION, AND FINAL FAIRNESS HEARING

United States District Court
Northern District of California

1   The Court reserves the right to continue the date of the final approval hearing without

2   further notice to Class members.

3   The Court retains jurisdiction to consider all further applications arising out of or in

4   connection with the Settlement.

5   **H.      Post-Distribution Accounting**

6   If final approval is granted, the parties will be required to file a Post-Distribution

7   Accounting in accordance with this District's Procedural Guidance for Class Action Settlements

8   and at a date set by the Court at the time of the final approval hearing.  Counsel should prepare

9   accordingly.

| Summary of Key Dates | |
|---|---|
| **Event** | **Date** |
| Class data to be provided to Settlement Administrator | November 7, 2022 |
| Class Notice to be sent by | November 23, 2022 |
| Class Counsel to file their motion for attorneys' fees and costs and Class Representative awards | December 19, 2022 |
| Motion for Final Approval to be filed by | December 19, 2022 |
| Postmark deadline to submit objection or request for exclusion | January 23, 2023 |
| Class counsel and settlement administrator to submit supplemental statements regarding status of notice program, objections, opt-outs | February 9, 2023 |
| Fairness and Final Approval Hearing<br><br>NOTE: Subject to change without further notice to the Class. | February 23, 2023 at 9:00 a.m. |

**IT IS SO ORDERED.**

Dated: October 24, 2022

EDWARD J. DAVILA
United States District Judge

Case No.: 5:21-cv-01482-EJD
ORDER GRANTING PRELIM. APPROVAL OF CLASS ACTION SETTLEMENT & SETTING
DEADLINES FOR NOTICE, OBJ., EXCLUSION, AND FINAL FAIRNESS HEARING

12

United States District Court
Northern District of California